RECEIVED

JUL 1 0 2013

THOMAS G BRUTON
CLERK, U S DISTRICT COURT



IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEVIN SROGA,　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　vs.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
Jane or John Doe Chicago Police Officers,　)
S&S Department for the City of Chicago,　)
URT(United Road Transportation) E&R　)
Towing Inc. and Unknown Purchaser of　)
Plaintiff's 1995 Chevy Caprice　　　　)
Individually, and the City of Chicago,　　)
　　　　　　Defendants.　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)

**13 CV 4946**
**JUDGE KENDALL**
**MAGISTRATE JUDGE COX**

JURY DEMANDED

---

## CIVIL COMPLAINT

Now comes the Plaintiff, Kevin Sroga, who complains to this Court of the following:

## **INTRODUCTION**

1.　This action is being brought pursuant to the Laws of the United States Constitution, specifically 42 U.S.C 1983, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff that were accomplished by acts and/or omissions of the Defendants committed under color of law.

2.　This is a civil action seeking damages against those defendants for committing acts under color of law, and depriving plaintiff of rights secured to him by the constitution and the laws of the United States.

1

## JURISDICTION

3.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, the Judicial Code, 28 U.S.C. & 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. Section 1367 (a).

4.     Venue lies in the United States District Court, Northern District of Illinois pursuant to 28 U.S.C. section 1391, because all events or omissions giving rise to these claims occurred in this District.

## PARTIES

5.     At all times herein mentioned, Plaintiff **KEVIN SROGA** ("Sroga" or "Plaintiff") who is a reasonable person, was, now and has always been a citizen of the United States residing within the City of Chicago and in jurisdiction of this Court.

6.  At all times herein mentioned, Defendant John or Jane Doe Chicago Police Officers were employed by the Chicago Police Department who were acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. These Defendants are being sued in his individual/personal capacity.

7.     At all times herein mentioned, Defendant Streets and Sanitation Department Officials are employed by the City of Chicago for the Department of Streets and Sanitation for the City of Chicago who were acting under color of state law as the employee, agent, or representative for the City of Chicago, Department of Streets and Sanitation Division.

8.     At all times herein mentioned Defendants URT and E&R Towing Inc. oversee the operation at the City of Chicago's Auto Pounds who are contracted/employed by the City of Chicago acting under color of state law as the employee, agent, or representative for the City. These Defendants are being sued in his their individual/personal capacities.

2

**9.** At all times herein mentioned, all Defendant Police Officer **JOHN and JANE DOE'S** Star #'s which are unascertainable at this present time, ("John and Jane Doe's") were employed by the Chicago Police Department and were acting under color of state law and as the employees, agents, or representatives for the Chicago Police Department.

**10.** At all times herein mentioned, the **CITY OF CHICAGO** was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and /or operated the Chicago Police Department the Department of Streets and Sanitation and the City of Chicago's Auto Pound Divisions.

## STATEMENT OF FACTS

**20.** Plaintiff owns a 1995 Chevy Caprice Sedan with V.I.N. 1G1BL52P1SR184282 that was illegally seized in violation of the Fourth Amendment by members of the Chicago Police Department.

**21.** Plaintiff desired to challenge the illegal tow and the return of such vehicle and was in constant communication with certain City Officials regarding an Administrative Hearing and his desire to set forth such hearing before the Administrative agency or the City of Chicago's Department of Administrative Hearings Division.

22. When Plaintiff went into apply for an Emergency 24 Hr. Hearing to be scheduled, he had learned that his "vehicle had left the auto pound" on July 5th 2013.

23. Once the vehicle is disposed of or leaves the Auto Pound, the Plaintiff does not have the right to be granted an Administrative Hearing in Conjunction with the illegal tow process of a vehicle, (according to city officials and management from the auto pounds).

24. Attempts were made first thing Monday Morning to Mr. Robert Dyckman from the City of Chicago's Auto Pound Division in an effort to establish "what went wrong." with the Plaintiff's vehicle as it was assured that the vehicle would not leave the pound until after Friday July 5th 2013.

25. Previous attempts to extend a hold on this Vehicle (in which plaintiff inquired about do such) were ultimately denied.

26. The City of Chicago and its representatives had proper knowledge that the plaintiff still held a property interest in this 1995 Chevy Caprice and was interested in trying to ascertain a hearing in regards to such vehicle.

27. The decision to not extend the hold on the Plaintiff's property ultimately cost the plaintiff his property and his right to challenge such illegally seizure through the Department of Administrative Hearings.

28. The Plaintiff know files this Complaint before this Court in an effort to safe guard his constitutional protections in regards to this situation.

property, undue stress, physical, mental and other emotional distresses and mental anguish.

**35.** The aforementioned acts of these Defendants were willful, wanton, malicious, oppressive and done with a reckless indifference to and / or callous disregard for Plaintiff's Constitutional Rights and justify the award of exemplary and punitive damages in an amount to be ascertained according to proof at time of trial.

**36.** By reason of the above-described acts and omissions of the Defendants, Plaintiff shall be required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he shall vindicate the loss and impairment of his rights. By reason thereof, Plaintiff shall request payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the equal Access to Justice Act or any other provision set by law if so required.

## COUNT I

### Plaintiff against Jane or John Doe Defendants for violation of Due Process and Illegal Seizure of Personal Property

**37.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**38.** Defendants caused Plaintiff's property to be illegally seized in violation of the Plaintiff's Due Process rights.

**39.** In committing these acts of misconduct described herein, Defendant Jane or John Doe Police Officers' committed the offenses of Criminal Damage to property on two separate occasions, whereby cutting retaining straps which secured said vehicle to a tow dolly and then unloading the vehicle from its car carrier so that the vehicle could be towed and impounded.

**40.** The officers did not have the Plaintiff's authorization or a legal justification and allowed to be Plaintiff's vehicle to be towed in violation of certain Constitutional protections whereby, ultimately seizing the Plaintiff's property in violation of affording the Plaintiff Due Process.

**41.** By reason of the Defendant Officers' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by under the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, these Defendants are liable for violation(s) of Due Process pursuant to 42 U.S.C Section 1983.

## COUNT II

**Plaintiff against Defendant Streets and Sanitation Officials Denying Plaintiff his Due Process Rights**

**42.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**43.** Officials from the Streets and Sanitation - Auto Pounds Division Denied the plaintiff his right to exercise his Due Process Right in conjunction with this his vehicle.

**44.** City Officials were aware that the Plaintiff still held a property interest in the said property and the plaintiff himself was in constant contact with such Officials informing them that he was in the process of trying to ascertaining an Administrative Hearing in regards to this vehicle, and was in the process of trying to ascertain the funds (as the Plaintiff had been laid off of work for some time) so that he would be able to petition the Auto Pounds to receive such Hearing with regards to this cause.

**45.** By reason of Defendants conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

## COUNT III

### Plaintiff against Defendants City of Chicago, UTR and E&R Towing Inc.

**46.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**47.** Defendants allowed the Plaintiff's vehicle to seized, held the Plaintiff's property and then allowed the Plaintiff's property to be sold for scrape while learning and understanding that the plaintiff displayed a property interest in retaining his personal property back whereby violating his due process rights.

**48.** These defendants still to this day have not cooperated with the Plaintiff in establishing who purchased the Plaintiff's vehicle or where his vehicle is located even though they possess such information and it is readily available and time is of the essence in trying to safeguard the plaintiff's property.

## RESPONEAT SUPERIOR

**49.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**50.** All Defendants- either are or were members and agents of the City of Chicago.

**51.** In committing these willful and wanton acts against Plaintiff, Defendants committed them under color of state law during the scope of their employment.

**52.** Defendant City of Chicago is the employer of the Defendants.

**53.** Pursuant to *respondeat superior*, Defendant **CITY OF CHICAGO**, as principal, is liable for its agents' actions.

**54.** As a proximate cause of Defendants unlawful acts which occurred within their scope of employment activities, Plaintiff suffered severe and extreme damages including but not limited to, financial, mental and emotional distress, physical damage, mental distress and anguish, anxiety, loss of his personal property.

### Indemnification Claim Pursuant to 745 ILCS 10/9-102

**55.** Illinois law provides that public entities are directed to pay any tort judgment compensatory damages for which employees who are liable within the scope of their employment activities.

**56.** The acts of the individual Defendant – Officers described in the above claims were willful, wanton and were maliciously committed during the scope of their employment.

**57.** Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant aforementioned personnel and its Officers.

**WHEREFORE**, Plaintiff Kevin Sroga respectfully moves this Honorable Court to enter judgment as follows against the Defendants, and each of them on every claim:

**a)** That the Defendants be required to pay Plaintiff, compensatory damages including extreme emotional distress, in a sum to be determined at trial;

**b)** Award special damages in a sum to be determined at trial;

**c)** Award extreme exemplary and punitive damages, in a sum to be determined at trial;

**d)** Require the Defendants to pay the Plaintiffs costs of the suit herein incurred;

e) Require and or Award such other and additional relief that this Honorable Court deems just and equitable.

f) Order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**The Plaintiff, Kevin Sroga, Hereby Requests A Trial By Jury on each and every Count of this Compliant**

Respectfully submitted,

**Kevin Sroga, Pro Se Plaintiff**

Kevin Sroga
3343 W. Crystal
Chicago, IL 60651
(773) 401-2716